Lisa T. Belenky (CA Bar No. 203225)
Justin Augustine (CA Bar No. 235561)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 436-9682 x307
Fax: (415) 436-9683
lbelenky@biologicaldiversity.org
jaugustine@biologicaldiversity.org

Attorneys for Plaintiff


JOHN C. CRUDEN, Acting Assistant Attorney General
JEAN E. WILLIAMS, Section Chief
LISA LYNNE RUSSELL, Assistant Section Chief
ETHAN CARSON EDDY, Trial Attorney (Cal. Bar No. 237214)
U.S. Department of Justice, Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0202
Fax: (202) 305-0275
Email: ethan.eddy@usdoj.gov

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## EASTERN DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, <br><br> Plaintiff, <br> v. <br><br> KEN SALAZAR, *et al.*, <br><br> Defendants. | Case No. CV 08-1348 VAP (OPx) <br><br> **STIPULATED SETTLEMENT AGREEMENT** <br><br> Scheduling Conference: <br> Date:   May 18, 2009 <br> Time:   1:30 pm <br> Location: Riverside, Courtroom 2 |

This Stipulated Settlement Agreement is entered into by Plaintiff, Center for

Biological Diversity, and Defendants, Ken Salazar, Secretary of the United States

Department of the Interior, and the United States Fish and Wildlife Service

STIPULATED SETTLEMENT AGREEMENT - 1                    No. CV 08-1348 VAP (OPx)

1
2
(collectively "the Service").  By and through their undersigned counsel, the parties state as follows:

3
4
5
6
WHEREAS, the Service listed the Munz's Onion, *Allium munzii*, and the San Jacinto Valley Crownscale, *Atriplex coronata var. notatior*, as endangered species pursuant to the Endangered Species Act ("ESA"), on October 13, 1998, 63 Fed. Reg. 54,975;

7
8
WHEREAS, the Service did not designate critical habitat for the two plants at that time, based on its finding that the designation would not be prudent, *id.;*

9
10
11
12
WHEREAS, in November, 2001, Plaintiff and others challenged the "not prudent" critical habitat findings, *see Center for Biological Diversity and California Native Plants Society v. Norton*, Civ. No. 01-2101 IEG (LAB) (S.D. Cal., filed Nov. 15, 2001;

13
14
15
WHEREAS, pursuant to a Court-approved settlement, the Service agreed to reconsider its "not prudent" critical habitat findings.  *See* Order, *Center for Biological Diversity*, Civ. No. 01-2101 IEG (LAB) (S.D. Cal., Jul. 1, 2002);

16
17
18
WHEREAS, pursuant to the timetable established by that Order, the Service published proposed rules designating critical habitat for the Munz's Onion and the San Jacinto Valley Crownscale on June 4, 2004 and October 6, 2004, respectively;

19
20
WHEREAS, on June 7, 2005, the Service issued a final rule designating 176 acres of critical habitat for the Munz's Onion, 70 Fed. Reg. 33,015;

21
22
23
WHEREAS, on October 13, 2005, the Service issued a final rule designating zero acres of critical habitat for the San Jacinto Valley Crownscale, 70 Fed. Reg. 59,952;

24
25
26
WHEREAS, on October 2, 2008, Plaintiff filed a Complaint for Declaratory and Injunctive Relief pursuant to the Endangered Species Act, 16 U.S.C. §§ 1531-44, alleging that the June 7, 2005 and October 13, 2005 critical habitat

27
28
STIPULATED SETTLEMENT AGREEMENT - 2                No. CV 08-1348 VAP (OPx)

1   designations were in violation of the ESA;

2   WHEREAS, the parties, through their authorized representatives, and

3   without any admission or final adjudication of the issues of fact or law with respect

4   to Plaintiff's claims, have reached a settlement that they consider to be a just, fair,

5   adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

6   NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE

7   PARTIES AS FOLLOWS:

8   1.      The Service agrees to re-consider its critical habitat designations for the

9   Munz's Onion and San Jacinto Valley Crownscale.

10  2.      On or before October 7, 2011, the Service shall submit to the Federal

11  Register  new proposed critical habitat determinations, pursuant to 16 U.S.C. §

12  1533(a)(3)(B) and 16 U.S.C. § 1533(b)(5), for the Munz's Onion and the San

13  Jacinto Valley Crownscale.

14  3.      On or before April 6, 2013, the Service shall submit to the Federal Register

15  final critical habitat determinations for the Munz's Onion and the San Jacinto

16  Valley Crownscale, pursuant to 16 U.S.C. § 1533(b)(6).

17  4.      Until the effective date of the final determinations referenced in paragraph 3,

18  the existing designations of critical habitat for the Munz's Onion and the San

19  Jacinto Valley Crownscale shall remain in place and effective.  70 Fed. Reg.

20  33,015 (Jun. 7, 2005); 70 Fed. Reg. 59,952 (Oct. 13, 2005); 50 C.F.R. §§ 17.12(h);

21  17.96(a).

22  5.      This Agreement only requires the Defendants to take actions by the

23  deadlines specified in paragraphs 2 and 3 and does not limit the Service's authority

24  with regard to the substantive outcome of any determinations. To challenge any

25  final determination issued in accordance with this Agreement, Plaintiff will be

26  required to file a separate action. Plaintiff does not waive its ability to challenge

27

28  STIPULATED SETTLEMENT AGREEMENT - 3            No. CV 08-1348 VAP (OPx)

substantive decisions made by the Defendants pursuant to paragraphs 2 and 3, above, and Defendants do not waive any applicable defenses.

6.     The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Agreement, including the deadline for the actions specified in paragraphs 2-3, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim.  The parties agree that they will meet and confer (in-person not required) at the earliest possible time in a good-faith effort to resolve the claim before pursuing relief from the Court.  If the parties are unable to resolve the claim after meeting and conferring, either party may pursue relief from the Court.

7.     No party shall use this Agreement or the terms herein as evidence of what does or does not constitute lawful designation of critical habitat, or a lawful timetable therefor, in any other proceeding involving the Service's implementation of the ESA or any other statute.

8.     Defendants agree that Plaintiff is the "prevailing party" in this action, and agree to pay to Plaintiff's reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540 (g).  Therefore, Defendants agree to settle all of Plaintiff's claims for costs and attorneys' fees in the above-captioned litigation for a total of $6,170.06.  A check will be made payable in that amount to Plaintiff's undersigned counsel, the Center for Biological Diversity, and transmitted to Lisa T.

STIPULATED SETTLEMENT AGREEMENT - 4          No. CV 08-1348 VAP (OPx)

Belenky, 351 California Street, Suite 600, San Francisco, CA 94104.

9.     Defendants agree to submit all necessary paperwork for the processing of the attorneys' fee award to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the court order approving this Agreement.

10.     Plaintiff agrees to accept payment of $6,170.06 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in the above-captioned litigation, up to and including the date of this Agreement. Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this Agreement.

11.     The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this Agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in paragraphs 2-3, or for any other unforseen continuation of this action.  By this Agreement, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation, or continuation of the present action.  Further, this Agreement as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

12.     No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be

followed in making any determination required herein, or as to the substance of any final determination.

13.    No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341.  In response, Plaintiff asserts that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to designate critical habitat is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement.  Plaintiff intends to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations.  Defendants reserve all legal and equitable defenses to such a claim.

14.    The parties agree that this Agreement was negotiated in good faith and constitutes a settlement of claims that were disputed by the parties.  By entering into this Agreement no party waives any claim or defense.

15.    The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

16.    The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

/ /

/ /

/ /

/ /

STIPULATED SETTLEMENT AGREEMENT - 6                    No. CV 08-1348 VAP (OPx)

17.   Upon entry of this Agreement by the Court, all counts of Plaintiff's

Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil

Procedure 41(a)(1).  Notwithstanding the dismissal of this action, the parties

hereby stipulate and respectfully request that the Court retain jurisdiction to

oversee compliance with the terms of this Agreement and to resolve any motions

to modify such terms, until both final critical habitat determinations are published

in the Federal Register.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S.

375 (1994).

Respectfully submitted this 23rd day of *March*, 2009,

Lisa T. Belenky (CA Bar No. 203225)
Justin Augustine (CA Bar No. 235561)
CENTER FOR BIOLOGICAL DIVERSITY
351 California Street, Suite 600
San Francisco, CA 94104
Telephone: (415) 436-9682x307
Fax: (415) 436-9683
lbelenky@biologicaldiversity.org

*Attorneys for Plaintiff*

JOHN C. CRUDEN, Acting Asst. Atty. General
JEAN E. WILLIAMS, Section Chief
LISA L. RUSSELL, Assistant Section Chief

ETHAN CARSON EDDY
Trial Attorney (Cal. Bar No. 237214)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7369
Washington, DC 20044-7369
Phone: (202) 305-0202
Fax: (202) 305-0275
ethan.eddy@usdoj.gov

*Attorneys for Defendants*

STIPULATED SETTLEMENT AGREEMENT - 7                    No. CV 08-1348 VAP (OPx)